IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TRACI SHELBY, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| CITY OF OMAHA, a Political Subdivision, | ) | |
| BERNARD L. POST, and EDWARD B. | ) | |
| MCNULTY, in their official and individual | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |

Comes now the Plaintiff TRACI SHELBY, by and through undersigned counsel, and hereby files this Complaint against the CITY OF OMAHA, BERNARD L. POST and EDWARD B. MCNULTY, and states and alleges as follows:

## I. NATURE OF THE ACTION

This is an action under 42 U.S.C. §1983, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.,* Title I of the Civil Rights Act of 1991, the Nebraska Fair Employment Practices Act Neb. Rev. Stat. §48-1101, *et. seq.* ("NFEPA"), and the Equal Pay Act of 1963, 29 U.S.C. §206(d). alleging violations of Plaintiff Traci Shelby's constitutional and civil rights.

Traci Shelby, ("Shelby") was subjected to a hostile work environment based upon her sex where representatives of the City Of Omaha, ("City") repeatedly directed sexual comments toward Shelby and discriminated against her regarding the terms and conditions of her employment based on sex, as she is female, and retaliated against for her complaints. Shelby was subjected to a constructive discharge based upon her sex and in retaliation because she complained of discrimination and harassment based upon her sex.

## II. JURISDICTION AND VENUE

1. This Court has original jurisdiction over the claims arising under federal law and concurrent jurisdiction over the state law claims.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331 and the Court's pendent claim jurisdiction under 28 U.S.C. section 1367(a).

3. Venue is appropriate in this District under U.S.C. section 1391(b) and (c).

## III. PARTIES

4. Plaintiff, Traci Shelby is a female and at all relevant times alleged herein, was a resident of Omaha, Nebraska, and is a former employee of Defendant The City of Omaha ("Defendant" or "The City"). Plaintiff worked at the 50th and G location in the Traffic Maintenance Department for The City.

5. At all relevant times, The City has continuously been a political subdivision doing business in the State of Nebraska and the City of Omaha, Nebraska. At all relevant times, The City has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h). At all relevant times, Defendant has employed at least fifteen (15) employees.

6. At all relevant times, Defendant Bernard L. Post, was Plaintiff's supervisor with the title of Foreman II and an employee, agent or servant of the City of Omaha, Nebraska. He is sued both individually and in his official capacity.

7. At all relevant times, Defendant Edward B. McNulty, Nebraska was Foreman III and an employee, agent or servant of the City of Omaha, Nebraska. He is sued both individually and in his official capacity.

## IV.    ADMINISTRATIVE PROCESS

8.    On July 26, 2013, Shelby filed a Charge of Discrimination with the Nebraska Equal Opportunity Commission ("NEOC"), charge number, NEB 2-13/14-7-44110-RD/EEOC 32E-2011-00544 alleging unlawful employment practices occurring within three hundred days or less from the date of filing the charge.

9.    On or about September 8, 2014, Shelby received a Notice of Right to Sue from the Department of Justice.

## V.    FACTUAL BACKGROUND

10.    Shelby, a female, was employed by The City as part-time maintenance worker in Omaha, Nebraska facility from approximately April 30, 2012 until her constructive discharge on or about May 24, 2013.  Beginning shortly after Plaintiff began working for Defendant, Foreman II Bernard L. Post (hereinafter "Post"),  Foreman III, Ed McNulty (hereinafter "McNulty"), along with Plaintiff's co-workers, began a pattern of sexual harassment and/or discrimination that occurred throughout Plaintiff's employment.

11.    Vic Foster (hereinafter "Foster") would make frequent comments about her breasts, such as, "If you wore a real bra and not a sports bra, we could see how big your boobs are." And would ask Plaintiff to unzip her hoodie or jacket so they could have a peek.

12.    McNulty asked Plaintiff to watch pornography online with them to honor Harry Reims' passing, allowed Plaintiff's co-workers to call her "the girl" or "that bitch" and to speak to Plaintiff in a demeaning manner throughout her employment; assigned her to unfavorable job duties and shifts, paid her less than her male counter-parts, and told her repeatedly that the shop was no place for a woman and that a woman should not hold a traffic maintenance position.

13. Post called her "the girl" or "that bitch" throughout her employment; allowed Plaintiff's co-workers to call her "the girl" or "that bitch" and to speak to Plaintiff in a demeaning manner throughout her employment; assigned Plaintiff to unfavorable job duties and shifts; ostracized and isolated Plaintiff within the department made up of over fifty men and Plaintiff as the sole female, and told her he did not want a female working in the traffic maintenance department.

14. When Plaintiff was hired, she was required to take a CDL examination. Upon passing the written portion of the test on or about May 25, 2012, Plaintiff advised McNulty that she had passed her test and requested the applicable raise. All male similarly-situated traffic maintenance workers received the $3.00 raise following their successful completion of the written portion of the CDL exam.

15. McNulty refused to give Plaintiff her raise until she received the hard copy of her CDL license which would take several weeks. Plaintiff complained to McNulty that her male co-workers received their raise by showing him the temporary, paper copy of the CDL license, but McNulty refused to award Plaintiff the same raise.

16. Sometime in June or July, 2012, Plaintiff's co-worker whose wife worked in the City's payroll department told Plaintiff to call his wife regarding the raise. Plaintiff called her co-worker's wife, who instituted the raise immediately, but Plaintiff did not receive the raise retroactively.

17. Pursuant to department policy, transfers to the night shift in the maintenance department are based on seniority. Post assigned Plaintiff to the night shift rather than three male co-workers who had been hired after Plaintiff in contravention to the seniority policy in an effort to force her to quit.

18.     Throughout Plaintiff's employment, Post and McNulty continually told Plaintiff that she wasn't qualified to do the work in the maintenance department and that a girl couldn't perform the position.

19.     In October of 2012, due to budgetary concerns, all part-time workers were required to take a cut in hours to 16 hours/week. In January of 2013, all part-time maintenance workers' hours were increased to 32 hours/week. In April of 2013, all part-time male maintenance workers were offered 40 hours/week. Plaintiff requested but was not granted an increase in her hours to 40 hours per week. One of Plaintiff's male co-workers, Harold Ellis (hereinafter "Ellis") was offered the increase to 40 hours/week, but decided not to accept the increase in hours. But Plaintiff's supervisors still would not increase Plaintiff's hours to 40 hours per week.

20.     Plaintiff complained multiple times to her immediate supervisors who ignored her complaints. Finally, Plaintiff complained to the Director of Public Works, Robert Stubbe, and Plaintiff's hours were increased the following week.

21.     Beginning in November 15, 2012, and continuing through January, 2013, Plaintiff applied for several positions with the City, including a full-time maintenance worker position. Each position that Plaintiff applied for required that she take the Civil Service exam for the position. Plaintiff scored well on the Civil Service Exam for the traffic department, but despite her score was not offered the full-time traffic maintenance position.

22.     Plaintiff later learned that Post and McNulty were passing out copies of the Civil Service Exam for the traffic department with answers to my male co-workers. Upon information and belief, the full-time traffic maintenance positions filled in 2013 were by males.

23. Throughout Plaintiff's employment Plaintiff complained to McNulty, Post and other supervisors regarding the harassment and disparate treatment. Nothing was ever done to remedy the harassment and in retaliation for her complaints, the harassment increased.

24. On or about January 18, 2013, Plaintiff was assigned to outside collection routes. Her male co-workers who worked collection routes were rotated frequently to other duties within the traffic department and were allowed to sit in a warm truck for breaks to keep from getting frostbite. The ticket writers within the traffic department were supposed to "warm up" the employees on the collection route but were directed to not to do so for Plaintiff. Four of Plaintiff's co-workers who were sympathetic to her plight came on five different occasions to warm her up in the bitter cold, even though they were not supposed to do so. Plaintiff developed severe frostbite from these collection routes, which she still suffers physically from after developing Raynaud's Disease.

25. In April of 2013, Ellis was told to assist Plaintiff in wheeling coins during the collection route. He refused, calling Plaintiff a "Mother F'in Bitch" and that everyone had to make concessions for Plaintiff because she was a female ever since Plaintiff began working for The City.

26. Because her immediate supervisors did nothing to address her complaints regarding the harassment and disparate treatment, on or about April 11, 2013, Plaintiff raised her complaints regarding the sexual harassment and disparate treatment with Mike Paukert, the Manager of Traffic Maintenance (hereinafter "Paukert"). Paukert listened to Plaintiff's complaints, but no follow-up investigation occurred and the harassment continued.

27. Because of personal safety concerns and the ongoing long-term sexual harassment and disparate treatment and retaliation that Plaintiff's supervisors failed to remedy, Plaintiff felt compelled to resign her position on May 24, 2013.

28. In further retaliation for her complaints, on or about June 3, 2013, the City terminated her employment for failing to show up for her scheduled shifts, even though City officials knew that Plaintiff had resigned her position effective May 24, 2013.

29. Plaintiff's performance was satisfactory.

## VI. CAUSES OF ACTION
## FIRST CAUSE OF ACTION
## EQUAL PROTECTION VIOLATION ONE

30. Plaintiff realleges paragraphs 1 to 29 of this Complaint as if fully set forth herein.

31. Defendant City of Omaha, Nebraska, through its agents, servants and employees, including Defendants Post and McNulty, in their official capacities, established an official policy, practice or custom of reckless or deliberate indifference to persons in the position of Plaintiff.

32. Defendant City of Omaha, Nebraska has discriminated against women by establishing, maintaining and enforcing policies which create or foster a sexually hostile work environment, by treating women differently than men and by retaliating against those, including Plaintiff, who complain about and/or refuse to countenance a sexually hostile work environment.

33. In the alternative, if the discriminatory practice of establishing, maintained and enforcing policies which create or foster a sexually hostile work environment, by treating women differently than men and by retaliating against those, including Plaintiff, who complain about and/or refuse to countenance a sexually hostile work environment was not a policy of the City of

Omaha, it was a practice, procedure or custom which the City of Omaha and its policy makers, including Defendants Post and McNulty, had actual or constructive knowledge.

34. Plaintiff was subjected to this official policy or custom while she was employed by City of Omaha.

35. Defendant City of Omaha's policy, custom or practice in general and as applied to Plaintiff Shelby in particular, was purposeful and intentional.

36. Defendant City of Omaha deprived Plaintiff of her rights to which she is entitled under the Equal Protection clause of the Fourteenth Amendment to the United States Constitution, all in violation of 42 U.S.C. §1983.

37. Plaintiff has been damaged as a direct and proximate result of the Defendants' acts and omissions aforesaid.

WHEREFORE, Plaintiff prays for judgment against Defendants, City of Omaha, Nebraska, Post and McNulty, in their official capacities, in an amount which will fully and fairly compensate her for her injuries and damages for attorney's fees and costs for interest as allowed by law and for such other and further relief as is just in the premises.

## SECOND CAUSE OF ACTION
## EQUAL PROTECTION VIOLATION TWO

38. Plaintiff realleges paragraphs 1 to 37 of this Complaint as if fully set forth herein.

39. Defendants Post and McNulty, in their individual capacities, deprived Plaintiff of rights protected by the Equal Protection clause of the Fourteenth Amendment to the United States Constitution by establishing, maintaining or enforcing policies which create or foster a sexually hostile work environment, by treating women differently than men and by retaliating

against those, including Plaintiff, who complain about and/or refuse to countenance a sexually hostile work environment.

40. In the alternative, if the acts complained of were not committed by the individual Defendants pursuant to an official policy, practice or custom of the City of Omaha, Nebraska they were committed by the individual Defendants with the purpose and intent of creating or fostering a sexually hostile work environment, by treatment women differently than men and by retaliating against those including Plaintiff, who complain about and/or refuse to countenance a sexually hostile work environment.

41. Each individual Defendant acted under color of state law.

42. Each individual Defendant's conduct was a proximate cause of damages sustained by Plaintiff.

43. Each individual Defendant acted with reckless or deliberate indifference to the rights of Plaintiff and with malice.

44. Plaintiff has been damaged as a direct and proximate result of the individual Defendants' acts and omissions aforesaid.

WHEREFORE Plaintiff prays for judgment against Defendants Post and McNulty, in their individual capacities, in an amount which will fully and fairly compensate her for her injuries and damages, for punitive damages in an amount sufficient to punish Defendants and deter others, for attorney's fees and costs, for interest as allowed by law and for such other and further relief as is just in the premises.

# THIRD CAUSE OF ACTION
## VIOLATION OF THE CIVIL RIGHTS ACT, TITLE VII,
## HOSTILE WORK ENVIRONMENT – SUPERVISOR AND CO-WORKER

45. Plaintiff realleges paragraphs 1 to 44 of this Complaint as if fully set forth herein.

46. Plaintiff was subjected to unwelcome offensive conduct from her co-workers and supervisors employed by the Defendant that created a hostile environment, as Plaintiff's supervisors knew or should have known about the harassment, having participated in and/or encouraged the harassment or ignored the harassment after Plaintiff's complaints.

47. Such conduct was based on Plaintiff's sex.

48. The hostile environment affected a term, condition, or privilege or her employment. and

49. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount which will fully and fairly compensate her for her injuries and damages, for interest as allowed by law, for attorney's fees, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of Title VII of the Civil Rights Act of 1964, as Amended.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE CIVIL RIGHTS ACT, TITLE VII
## SEXUAL DISCRIMINATION

50.     Plaintiff realleges paragraphs 1 through 49 as if fully set forth herein.

51.     Defendant discriminated against Plaintiff with respect to terms and conditions of her employment on the basis of her sex in violation of the Title VII of the Civil Rights Act of 1964, as Amended by treating her differently than similarly-situated male co-workers.

52.     Plaintiff suffered adverse action, including but not limited to unequal pay, failure to hire and termination of employment.

53.     Plaintiff's sex was a motivating factor in the decision-making regarding Plaintiff's terms and conditions of employment.

54.     As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE CIVIL RIGHTS ACT, TITLE VII
## RETALIATION

55.     Plaintiff realleges paragraphs 1 through 54 as if fully set forth herein.

56.     Plaintiff complained to Defendant about the sexual harassment she experienced and otherwise opposed practices made unlawful by Title VII of the Civil Rights Act of 1964, as Amended.

57. Defendant retaliated against Plaintiff because of her complaints and opposition to harassment.

58. Plaintiff's sex and her protected activity were motivating factors in Defendant's retaliation against her.

59. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount which will fully and fairly compensate her for her injuries and damages, for interest as allowed by law, for attorney's fees, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of Title VII of the Civil Rights Act of 1964, as Amended.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE CIVIL RIGHTS ACT, TITLE VII
## CONSTRUCTION DISCARGE

60. Plaintiff realleges paragraphs 1 through 59 as if fully set forth herein.

61. Defendant and/or its agents with Defendant's authority made Plaintiff's working conditions intolerable, forcing Plaintiff to resign her employment;

62. Defendant's agents with Defendant's authority acted with the intent of forcing plaintiff to quit or Plaintiff's resignation was a reasonably foreseeable result of Defendant's supervisor's actions; and

63. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount which will fully and fairly compensate her for her injuries and damages, for interest as allowed by law, for attorney's fees, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of Title VII of the Civil Rights Act of 1964, as Amended.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE NEBRASKA FAIR EMPLOYMENT PRACTICES ACT
## HOSTILE WORK ENVIRONMENT

64. Plaintiff realleges paragraphs 1 to 63 of this Complaint as if fully set forth herein.

65. Plaintiff was subjected to unwelcome offensive conduct from her co-workers and supervisors employed by the Defendant that created a hostile environment.

66. Such conduct was based on Plaintiff's sex;

67. The hostile environment affected a term, condition, or privilege or her employment; and

68. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount which will fully and fairly compensate her for her injuries and damages, for interest as allowed by law, for attorney's fees, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Nebraska Fair Employment Practices Act.

## EIGHTH CAUSE OF ACTION
## VIOLATION OF THE NEBRASKA FAIR EMPLOYMENT PRACTICES ACT
## SEXUAL DISCRIMINATION

69. Plaintiff realleges paragraphs 1 through 68 as if fully set forth herein.

70. Defendant discriminated against Plaintiff with respect to terms and conditions of her employment on the basis of her sex in violation of the Title VII of the Civil Rights Act of 1964, as Amended.

71. Plaintiff suffered adverse action, including but not limited to termination of employment.

72. Plaintiff's sex was a motivating factor in the decision-making regarding Plaintiff's terms and conditions of employment.

73. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount which will fully and fairly compensate her for her injuries and damages, for interest as allowed by law, for

attorney's fees, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Nebraska Fair Employment Practices Act.

## NINTH CAUSE OF ACTION
## VIOLATION FO THE NEBRASKA FAIR EMPLOYMENT PRACTICES ACT RETALIATION

74. Plaintiff realleges paragraphs 1 through 73 as if fully set forth herein.

75. Plaintiff complained to Defendant about the sexual harassment she experienced and otherwise opposed practices made unlawful by Title VII of the Civil Rights Act of 1964, as Amended.

76. Defendant retaliated against Plaintiff because of her complaints and opposition to harassment.

77. Plaintiff's sex and her protected activity were motivating factors in Defendant's retaliation against her.

78. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount which will fully and fairly compensate her for her injuries and damages, for interest as allowed by law, for attorney's fees, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Nebraska Fair Employment Practices Act.

## TENTH CAUSE OF ACTION

## VIOLATION OF THE NEBRASKA FAIR EMPLOYMENT PRACTICES ACT
## CONSTRUCTION DISCARGE

79. Plaintiff realleges paragraphs 1 through 78 as if fully set forth herein.

80. Defendant and/or its agents with Defendant's authority made Plaintiff's working conditions intolerable, forcing Plaintiff to resign her employment;

81. Defendant's agents with Defendant's authority acted with the intent of forcing plaintiff to quit or Plaintiff's resignation was a reasonably foreseeable result of Defendant's supervisor's actions; and

82. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount which will fully and fairly compensate her for her injuries and damages, for interest as allowed by law, for attorney's fees, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Nebraska Fair Employment Practices Act.

## ELEVENTH CAUSE OF ACTION
## EQUAL PAY ACT

83. Plaintiff realleges paragraphs 1 through 82 as if fully set forth herein.

84. Defendant is a government enterprise subject to the provisions of the Equal Pay Act, 29 U.S.C. §206(d).

85. Plaintiff meets the statutory definition of employee, including, but not limited to: a) Plaintiff was subject to Fair Labor Standards Act; b) Plaintiff was under direct control and supervision of employer and paid an hourly wage of $12/hour and then $15/hour; c) Plaintiff and other part-time traffic maintenance workers duties were substantially similar in that they involve equal skill, effort, training, educational achievement, and responsibility to perform them.

86. At various points in time throughout her employment, Plaintiff was paid lower wage or compensation than her male co-workers.

87. The lower rate of pay for plaintiff was based on no factor other than gender.

88. Plaintiff's supervisors were aware of performance of the job duties of Plaintiff and her male co-workers.

89. Plaintiff complained to her supervisors regarding the unequal pay and/or hours offered to Plaintiff, but her immediate supervisors ignored her complaints.

90. Plaintiff's supervisors knew or should have known of the appreciable possibility that employee was covered by Equal Pay Act and recklessly disregarded the Act.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for interest as allowed by law, for attorney's fees, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Equal Pay Act.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff, Traci Shelby, respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex and retaliation.

B. Order the Defendant to pay Shelby back pay, front pay, compensatory damages, consequential damages and liquidated damages in amounts to be proven at trial, and all other affirmative and equitable relief necessary to eradicate the effects of Defendant's unlawful employment practices.

C. Direct the Defendant to expunge all negative reports in Plaintiff's personnel file.

D. Order Defendant to pay Shelby punitive damages for its malicious and reckless conduct in amount to be determined at trial.

E. Award the Plaintiff her reasonable attorneys' fees and expert witness fees.

F. Award Plaintiff her costs in this action.

G. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all matters raised in this Complaint.

Dated this 26th day of November, 2014.

          Respectfully Submitted,

          TRACI SHELBY, Plaintiff

BY:    s/ Kelly K. Brandon_____
          Kelly K. Brandon, #20734
          Dyer Law, PC, LLO
          10730 Pacific Street
          Suite 111
          Omaha, Nebraska 68114
          (402) 393-7529
          (402) 391-2289 (facsimile)
          Kelly@dyerlaw.com
          Attorneys for Plaintiff