IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TRACI SHELBY,

           Plaintiff,

vs.

CITY OF OMAHA, and
BERNARD L. POST and
EDWARD B. MCNULTY, in there official
and individual capacities,

           Defendants.

8:14CV379

ORDER

This matter is before the court on Tracy Shelby's (Shelby) Motion to Compel (Filing No. 67). Shelby seeks production of documents comprising disciplinary investigations about two individuals who were involved in the alleged decision to terminate Shelby from her employment. Shelby filed a brief (Filing No. 68) and an index of evidence (Filing No. 69) in support of the motion. The defendants filed a brief (Filing No. 73) opposing production. Shelby filed a brief (Filing No. 74) and an index of evidence (Filing No. 75) in reply.

BACKGROUND

Shelby worked part-time conduct maintenance for the City of Omaha Public Works Department from April 30, 2012, until May 24, 2013, when she alleges she was constructively discharged. *See* Filing No. 46 - Amended Complaint ¶ 10. Shelby alleges she immediately suffered a pattern of sexual harassment, discrimination, and retaliation, in violation of 42 U.S.C. §1983, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., Title I of the Civil Rights Act of 1991, and the Nebraska Fair Employment Practices Act Neb. Rev. Stat. §48-1101, et seq. *Id.* at 1. Specifically, Shelby was subjected to a hostile work environment based on her gender, including frequent demeaning comments and comments about her breasts and one exposure to a pornographic movie clip. *Id.* at 3-4. Additionally, Shelby alleges the defendants delayed her raise and gave her unfavorable job assignments. *Id.* A supervisor, Bernard L. Post (Post), provided copies of the civil service exam to men in

the traffic division. *Id.* at 4. After previous complaints went unaddressed, Shelby complained about discriminatory conduct to Mike Paukert (Paukert), on April 11, 2013. *Id.* at 6-7. Shelby alleges the harassment continued compelling Shelby to resign her position. *Id.* at 7. The defendants deny Shelby's allegations and deny liability. **See** Filing No. 47 - Answer. On July 29, 2016, the defendants filed a motion for summary judgment. **See** Filing No. 41. The motion is fully briefed and awaiting a court ruling.

Trial of this case is scheduled for December 12, 2016, with the final pretrial conference on November 18, 2016. **See** Filing No. 24. The deposition and discovery deadline was May 31, 2016, and discovery motions were due by February 1, 2016, for matters then ripe for determination. *Id.*

The parties engaged in the exchange of discovery throughout 2015 and into 2016. Shelby served discovery requests on the defendants in September 2015 and April 2016, and the defendants produced documents, mostly without objection. **See** Filing No. 67 - Motion p. 1[1]; **see** Filing No. 27 - Notice of Service. However, Shelby learned, during a July 2016 Rule 30(b)(6) deposition, two supervisors, Post and Paukert, were disciplined for conduct they disclosed in previous depositions taken as part of this lawsuit. **See** Filing No. 67 - Motion p. 2. Subsequently, Shelby requested additional discovery be produced. *Id.* On August 5, 2016, the defendants supplemented their responses to previous requests for production of documents, but objected to disclosure of the City of Omaha's Labor Relations Director's investigation files. **See** Filing No. 49 - Notice of Service; Filing No. 73 - Response p. 3.[2] The parties were unable to resolve their dispute about whether the investigation files are discoverable under the circumstances surrounding this lawsuit.

Shelby filed the instant motion to compel on October 20, 2016. **See** Filing No. 67. Shelby argues the investigation files are responsive to her requests for Post's and Paukert's personnel files, which requests included "any files . . . maintained . . . within the organization." *Id.* at 3-4. Shelby also relies on her requests for any witness statements pertaining to the subject matter of this lawsuit or mentioning Shelby. *Id.* at

---

[1] The court relies on the parties' assertions as they failed to file certificates of service in accordance with NECivR 34.1(b).
[2] The court cites to the page numbers in the header which are assigned by the court's filing system, rather than those used by the defendant on the bottom of the pages.

2-3. Shelby contends the requested files are relevant to the underlying investigation regarding Shelby's pre-termination complaints. *Id.* at 5. Specifically, although Post's investigation was not due to his conduct toward Shelby, the investigation surrounded Post's conduct during the City of Omaha's investigation into Shelby's complaints, including whether Post denied stealing a copy of the civil service exam and distributing it to male employees. *Id.* Shelby contends, admissibility aside, Post being accused of lying, his termination and later rehiring are all "certainly" relevant to this lawsuit. *Id.* Shelby denies the events could be considered "subsequent remedial measures" or too attenuated to Shelby's employment. *Id.* Similar to Post's investigation, the City of Omaha investigated Paukert for his ignorance of the discrimination polices and procedures, rather than his direct conduct toward Shelby. *Id.* at 6. Shelby notes Paukert's statements during the investigation were different form his deposition testimony. *Id.* Shelby seeks the investigatory materials to determine their full relevance and admissibility in this lawsuit. *Id.* Shelby argues the investigatory materials are relevant to the individual's motivations and participation in her termination, even though the investigation post-dated her termination, and are also relevant to the defendants' response to Shelby's complaints. **See** Filing No. 74 - Reply.

      The defendants deny the investigatory materials are responsive to Shelby's discovery requests and whether they are relevant or admissible for this lawsuit. **See** Filing No. 73 - Response p. 3-5. The defendants seek to prevent disclosure of the investigatory files of Tim Young, the Labor Relations Director. *Id.* at 3. The defendants contend these files are not part of the employees' personnel files for the investigations conducted in the last year about complaints regarding Post and Paukert. *Id.* The defendants argue the notes, impressions, and investigation of the Labor Relations Director cannot aid in impeachment or be of any other use to Shelby in this matter. *Id.* at 5. The defendants reiterate any disciplinary records are part of the personnel files and have been produced.

## ANALYSIS

      "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to

3

lead to the discovery of admissible evidence.'" ***WWP, Inc. v. Wounded Warriors Family Support, Inc.***, 628 F.3d 1032, 1039 (8th Cir. 2011) (alteration in original) (**quoting** Fed. R. Civ. P. 26(b)(1)). The federal rules provide for broad, but not unlimited, discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Accordingly, relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978); **see** Fed. R. Civ. P. 26(c)(1). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity the information they hope to obtain and its importance to their case. **See** ***Cervantes v. Time, Inc.***, 464 F.2d 986, 994 (8th Cir. 1972). Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." ***Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton***, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). The court has authority to limit the scope of discovery. ***Roberts v. Shawnee Mission Ford, Inc.***, 352 F.3d 358, 361 (8th Cir. 2003).

    Shelby has met her burden of demonstrating the relevance of the discovery sought. The requests incorporate the investigation files, which include information bearing on her claims about her underlying treatment and the process following her complaints. Shelby has shown the requested information bears on her claims and are appropriate even when considering the pertinent factors indicative of the proportional needs of the case. The information's admissibility at trial is not before the court, nor

need be resolved at this stage. For these reasons, Shelby's motion will be granted. Accordingly,

**IT IS ORDERED**:

1. Tracy Shelby's Motion to Compel (Filing No. 67) is granted.

2. The defendants shall have until **November 25, 2016**, to supplement their discovery responses in accordance with this order.

Dated this 16th day of November, 2016.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge

5